UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER NATHAN SOLE,**

      Plaintiff,

v.                                                                                Case No: 6:21-cv-292-JA-EJK

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for disability insurance benefits ("DIBs") and Supplemental Security Income ("SSI"), alleging June 16, 2017, as the disability onset date. (Doc. 29 at 1, 3.) In a decision dated June 29, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 12–25.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 29), and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be reversed and remanded for further administrative proceedings.

I. ISSUES ON APPEAL

Plaintiff raises the following issues on appeal:

1. Whether the residual functional capacity ("RFC") determination of the ALJ is supported by substantial evidence.

2. Whether the ALJ properly relied on the testimony of the Vocational Expert ("VE") after posing and relying on a hypothetical question that did not adequately reflect the limitations of Plaintiff.

(*See* Doc. 29.)

II. STANDARD

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III. ANALYSIS

### A. Issue One: Whether the RFC determination is supported by substantial evidence.

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC because he failed to "properly weigh and consider the opinions of the claimant's treating

physician." (Doc. 29 at 14.) Plaintiff notes that Dr. Antonio Cubano examined Plaintiff "a total of 19 times since 2017 diagnosing him with bipolar I disorder and attention deficit hyperactivity disorder" and completed "interrogatories regarding the claimant's mental impairment." (*Id.* at 16–17.)   Dr. Cubano opined that Plaintiff had severe and moderately severe limitations in several work-related activities, which Plaintiff states is "clearly at odds with the residual functional capacity determination of the ALJ regarding the claimant's mental limitations, since the only mental limitations contained in the residual functional capacity determination of the ALJ is that the claimant would be limited to 'simple, routine tasks involving up to detailed, but uninvolved instructions.'" (*Id.* at 18.)

Plaintiff contends that the ALJ's discussion of Dr. Cubano's opinion was insufficient and that the ALJ failed to explain what particular evidence undermined Dr. Cubano's opinion and why. (*Id.* at 19.) Defendant responds that the ALJ "properly focused on the objective medical findings and resulting functional limitations." (*Id.* at 21.) Defendant states the ALJ "noted that Dr. Pillai noted improvement with a change in medication including use of Ability and Ritalin" and thus the ALJ "evaluated the objective medical evidence and found the medical source opinions from Dr. Cubano were not persuasive." (*Id.*)

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440

(11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. § 404.1545(a)(3).

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

Additionally, pursuant to the new regulations, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments" and whether the claimant has any "impairment-related limitations or restrictions" regarding certain enumerated abilities. 20 C.F.R. § 404.1513(a)(2). A "medical opinion" does not include "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.* § 404.1513(a)(3)

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

(defining these categories of information as "other medical evidence"). *See also Rice v. Kijakazi*, Case No. 4:20-cv-01414-RDP, 2021 WL 3473219, at *5 (N.D. Ala. Aug. 6, 2021) ("Statements by a medical source reflecting judgments about a claimant's diagnosis and prognosis are not considered medical opinions because they do not necessarily provide perspectives about the claimant's functional abilities and limitations."). In revising the definition of "medical opinion," the Social Security Administration recognized that "[d]iagnoses and prognoses do not describe how an individual functions" and that although the SSA considers a claimant's statements about his or her symptoms, "[a] more appropriate focus of medical opinions would be perspectives from medical sources about claimants' functional abilities and limitations." 81 Fed. Reg. at 62,562.

      Here, the ALJ stated with respect to Dr. Cubano's opinion:

> the supplemental mental assessment, provided by Dr. Cubano, notes that the claimant has severe mental symptoms (Ex. 8F). The February 2020 mental treatment notes show that his concentration was reportedly good when he takes Ritalin and he was able to function a little bit (Ex. 9F/22). Additionally, he mentioned he would like to start decreasing the Ability (Ex. 9F/22). The undersigned finds that this opinion is not persuasive as it is not consistent with the claiamnt's [sic] improved mental symptoms.

(Tr. 23.)

      The ALJ did not provide any additional reasoning as to why he found Dr. Cubano's opinion unpersuasive. In light of the scant explanation for his decision, the undersigned agrees with Plaintiff that the ALJ "failed to build a logical bridge explaining what particular evidence undermined Dr. Cubano's opinion and why."

- 5 -

(Doc. 29 at 19.) The ALJ's statement that Plaintiff "would like to start decreasing the Ability," does not demonstrate that the ALJ considered the supportability or consistency of Dr. Cubano's opinion. (Tr. 23.) In fact, in the absence of any explanation from the ALJ, it is unclear to the undersigned how this statement relates to the persuasiveness of Dr. Cubano's medical opinion. Defendant's *post hoc* rationalization that the "ALJ noted that Dr. Pillai noted improvement with a change in medication including the use of Ability and Ritalin" does little to bridge the logical gap, and more importantly, *post hoc* rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The ALJ is responsible for explaining why he did not find Dr. Cubano's opinion persuasive; therefore, any attempt by the Commissioner to buttress the ALJ's explanation is immaterial.

The ALJ's statement that the "February 2020 mental treatment notes show that his concentration was reportedly good when he takes Ritalin and he was able to function a little bit" is equally deficient in explaining why Dr. Cubano's opinion was found unpersuasive. (Tr. 23.) While this statement may go to supportability and consistency of some aspects of Dr. Cubano's opinion, it is unclear how this negates or even relates to Dr. Cubano's other findings that Plaintiff would have, for example, severe limitations maintaining appropriate behavior in work situations, relating appropriately to co-workers, achieving assigned goals and responding to time limits at work, and responding appropriately to changes in the work setting. (Tr. 638–39.)

Given the ALJ's limited explanation for finding Dr. Cubano's opinion not persuasive, the undersigned is unable to meaningfully review whether his decision is supported by substantial evidence. *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion.").

Moreover, the ALJ's failure to build an accurate and logical bridge between the evidence and his conclusion was not harmless. The RFC determination states Plaintiff "can perform simple, routine tasks involving up to detailed, but uninvolved instructions." (Tr. 20.) Because the ALJ found Dr. Cubano's medical opinion not persuasive, it is unclear to the undersigned whether the limitations in the RFC determination were crafted with consideration to Dr. Cubano's opinions, including his opinion that Plaintiff would have severe limitations understanding, remembering, and performing simple instructions at work. (Tr. 638.) Determining whether the ALJ's RFC assessment is consistent with the totality of Dr. Cubano's opinions would necessarily require those opinions to be weighed, and such weighing is outside the purview of this Court. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (stating that the Court may not decide facts anew or reweigh the evidence). Accordingly, the ALJ's failure to properly consider Dr. Cubano's opinion is not a harmless error because it prevents the Court from determining whether the final decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1179.

### B. Issue Two: Whether the ALJ properly relied on the VE's testimony.

Plaintiff also argues that the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical question that did not adequately reflect Plaintiff's limitations. (Doc. 29 at 21–22.) Defendant responds that, because substantial evidence supports the ALJ's assessment of Plaintiff's RFC, the ALJ's hypothetical question to the VE included "all the limitations in the ALJ's RFC finding." (*Id.* at 24.)

At step five of the sequential evaluation, the ALJ must determine whether jobs that a plaintiff can perform exist in significant numbers in the national economy. *Winschel*, 631 F.3d at 1180. To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id.* For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013).

As discussed above, the undersigned finds the ALJ failed to properly consider Dr. Cubano's opinion, thus making it impossible for the Court to determine whether the final decision is supported by substantial evidence. Because the ALJ's hypothetical question to the VE did not explicitly or implicitly account for the limitations of Dr. Cubano's opinion, the undersigned finds that the hypothetical question was

incomplete, and the VE's testimony does not constitute substantial evidence in support of the ALJ's decision. *See Jacobs*, 520 F. App'x at 951.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court enter an order:

> 1. **DIRECTING** the Clerk of Court to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (1) state the reasons for finding the opinion of Dr. Cubano unpersuasive; (2) reconsider Plaintiff's RFC, if appropriate; and (3) conduct any further proceedings deemed appropriate.
>
> 2. **DIRECTING** the Clerk of Court to enter judgment accordingly and **CLOSE** the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on June 13, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE